# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-498 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| J. F. MAZVEKIEWICZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND OPINION

Plaintiff, Jerome Smith, is a state prisoner who alleges that his constitutional rights under the Eighth and Fourteenth Amendments have been violated by his placement in administrative custody in the State Correctional Institution at Greensburg, Pennsylvania ("SCI-Greensburg"). More specifically, Plaintiff asserts that he has suffered discrimination due to his sexual orientation and that he has been placed in single-cell status for his own protection and the protection of other prisoners. Plaintiff has consented to the undersigned exercising jurisdiction in this case (Doc. 5).

### A.     Applicable Law.

Congress has mandated that courts review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable, i.e., dismissal is appropriate under if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the

complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis

In order to state an actionable claim under 42 U.S.C. § 1983, Plaintiff is required to plead: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988). Plaintiff claims that he has been placed in administrative custody at SCI-Greensburg ostensibly for his own protection, but, in reality, he was placed there due to his sexual orientation and the fact that he is HIV positive. Plaintiff asserts that his placement in administrative custody violates the Eighth and Fourteenth Amendments.

#### 1. Eighth Amendment.

To state an Eighth Amendment claim based upon the conditions of his confinement, Plaintiff must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to state a claim, the conditions cited by an inmate must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities." Id, at 834 (internal citation and quotation

omitted). Only "extreme deprivations" are sufficient to make out a conditions of confinement claim. Hudson v. McMillen, 503 U.S. 1, 8-9 (1992). A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993). Although a combination of confinement conditions – considered alone constitutionally insufficient – may present an Eighth Amendment violation, they nevertheless must cumulatively produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." See Wilson v. Seiter, 501 U.S. 294, 304 (1991). In applying this test, the Court acknowledges that "[t]he Constitution . . . does not mandate comfortable prisons." Wilson, 501 U.S. at 298. "In considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without those benefits." Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.1982) (citing Hutto v. Finney, 437 U.S. 678, 685 (1978)).

Plaintiff alleges a handful of differences between what is available to him in administrative custody, and what is available to inmates in the general population including a lack of being "mobile" within the institution due to being in "lockdown" every day (Doc. 3-2, p. 1). Plaintiff additionally asserts that he has only three showers per week, that he has been denied phone calls to relatives, and that he has less access to personal hygiene products than prisoners in the general population (Doc. 3-2, p.4).

The practice of housing certain prisoners in isolation from other inmates and providing only limited periods outside of the prisoner's cell are not conditions of confinement that violate the Eighth Amendment. "[S]egregated confinement in solitary or maximum security is not *per se* banned by the Eighth Amendment." Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa. 1980) (quoting Burns v. Swenson, 430 F.2d 771, 777 (8th Cir. 1979)). Further, "'isolation from

3

companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregration of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999) (quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir. 1975)) (*en banc*); Jones v. Beard, 2008 WL 2512673, *4 (W.D. Pa. Jun 23, 2008).

Plaintiff has identified conditions of confinement that are inconvenient to him, and that are more restrictive than the conditions available to other prisoners. Plaintiff has not, however, identified any "illegitimate" deprivation of a constitutional right arising from his confinement in administrative custody. Plaintiff has not stated an Eighth Amendment claim.

### 2. Equal Protection.

Plaintiff's assertion that his placement in administrative custody violates the Equal Protection Clause also must be rejected. Initially, it must be noted that federal courts have consistently rejected sexual orientation as a suspect classification, and have declined to identify homosexuals as a protected class. See, Price-Cornelison v. Brooks, 524 F.3d 1103, 1113 fn. 9 (10th Cir. 2008) (collecting cases). Therefore, even if Defendants' decision to place Plaintiff in administrative custody was based on his sexual orientation, the decision is subject to "rational basis" review because government action that "neither burdens a fundamental right nor targets a suspect class" will be upheld "so long as it bears a rational relation to some legitimate end." Id., at 631. "[R]ational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness or logic'" of government activity. Heller v. Doe, 509 U.S. 312, 319 (1993) (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)). Here, Plaintiff's own pleadings establish that Defendants placed him in protective custody due to a belief that he posed

4

a threat to himself and to others, and because Plaintiff "cannot be protected any other way." (Doc. 3-2, p. 1). Prisons unquestionably have a legitimate concern in promoting inmate safety, and placing Plaintiff in administrative custody is rationally related to promoting inmate safety. Plaintiff has, therefore, failed to plead a facially plausible equal protection claim.

### 3. Procedural due process.

Plaintiff does not expressly mention procedural due process, but he may be making such a claim (along with his equal protection claim) under the Fourteenth Amendment. There are two elements in a procedural due process claim: (1) Plaintiff must identify a protected liberty or property interest within the contemplation of the Due Process clause; and (2) if he does so, the Court must determine whether the process afforded comports with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

A protected liberty interest may arise either directly from the Fourteenth Amendment's due process clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). There is no liberty interest created directly by the Fourteenth Amendment that prevents an inmate from being subjected to disciplinary or administrative custody. See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("Conner asserts, incorrectly, that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation"); Stephany v. Wagner, 835 F.2d 497, 499 (3d Cir. 1987) ("the Due Process Clause does not give a prisoner a liberty interest in remaining in the general prison population"). Nor has Pennsylvania created a liberty interest in being free from administrative custody. Addressing the issue of state created liberty interests, the United States Supreme Court in Sandin v. Conner, 515 U.S. at 484, held that a state government "may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally

limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Placing Plaintiff in administrative custody beginning in March, 2010 (and assuming that it continues to the present date) does not, as a matter of law, impose an atypical and significant hardship as a matter of law so as to deprive Plaintiff of a liberty interest. See e.g., Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (confinement in administrative custody for fifteen months with only one hour of exercise per day five days per week and strict restrictions on outside contact did not amount to an atypical and significant hardship and thus did not deprive prisoner of a liberty interest). Having been deprived of no liberty interest, Plaintiff is not constitutionally entitled to any process, and this ends the inquiry.

### 4. Amendment.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); see also Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). The Court cannot conceive of any amendments that would cure the defects in Plaintiff's claims and, hence, permitting Plaintiff to amend his complaint would be futile.

AND NOW, this 11th day of March, 2010,

IT IS HEREBY ORDERED that this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to mark this case CLOSED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**JEROME SMITH**
HY-0474
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601